THE STATE ex rel. BERT F. FENN et al. v. EUGENE McQUILLIN, Judge of Circuit Court, et al.

In Banc, April 2, 1914.

1. **PROHIBITION: Pleading: Demurrer and Answer.** A respondent, in prohibition, cannot in one pleading demur to the whole petition, deny the whole petition and answer to the whole petition; but, out of grace, where objection to the loose method is not urged, the court will consider the case on the demurrer assailing the petition as failing to state a cause of action.

2. ———: **No Pleading Except Petition and Return.** Ordinarily where all the pleadings in a prohibition are the petition upon which the preliminary writ was issued and respondent's return, in the main a general denial, the case will be dismissed.

3. ———: **No Grounds: Defect of Parties, Etc.** Allegations in the petition for prohibition that there is a defect of parties defendant in the equity suit filed in the circuit court, that the bill in that suit exhibited no equity and that the trial court had no jurisdiction of the subject-matter of the litigation (all being

defects for which a demurrer will lie), and there being no allegation that a demurrer thereto had been overruled, do not amount to a statement of a cause of action entitling the relators to a writ of prohibition.

4. ———: **No Ruling on Demurrer: In Vacation.** Where it does not properly appear that the trial court had overruled defendants' demurrer to the petition urging lack of jurisdiction they will be denied a writ of prohibition. An allegation that in vacation before the return day, "the court refused to pass on said demurrer and ordered all defendants to show cause why a receiver should not be appointed" is not sufficient. Before prohibition will lie on the ground of a lack of jurisdiction, the trial court must have so ruled as to make manifest a claim of jurisdiction. The statute does not require a court to either hear and pass upon a demurrer in vacation, or to hear and pass upon it until the return term has come around.

5. ———: **Threatening to Appoint Receiver.** Where the record shows that all the trial judge did was to make an order upon defendants to show cause on a day certain why a receiver for a corporation should not be appointed, and before such day arrived and before the court was advised as to whether notice to show cause was served upon relators or any of them, a writ of prohibition was sued out of the Supreme Court, the writ will not be allowed on the ground that the court was threatening to appoint a receiver. The court cannot forecast what action the judge would have taken, but must presume that he knew the law and would follow it.

6. ———: **Examination of Reasons for Relief Prayed for in Trial Court.** Where the petition in the equity case is not a part of the petition filed in the Supreme Court for a preliminary rule in prohibition, and this latter petition is attacked by a demurrer, the court will not go into the petition filed in the trial court to ascertain and adjudge whether it states sufficient facts to justify the relief prayed for or any relief grantable by a court of equity.

7. ———: ———: **Exhibit Attached to Petition.** The general rule is that an exhibit attached to a petition is not such a part of it as to save it from being bad on demurrer, even though if the petition were aided or eked out by the contents of the exhibit it would be good as against demurrer; and this is true, even though the petition states the exhibit is made a part of the petition. And the rule is applied to petitions for writs of prohibition.

Prohibition.

WRIT DENIED.

*Bert F. Fenn* and *James T. Roberts* for relators.

(1) "Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether as stockholder, director, president or other officer, it is the act of the corporation. Whether acting in stockholders' meetings or through its agents, the board of directors, then such action is the management of the internal affairs of a corporation." "A court of equity, in a jurisdiction where a foreign corporation has its *situs* for the transaction of business, and where its property is situated, is without jurisdiction, in the absence of a statute, to appoint a receiver for a foreign corporation at the suit of a resident stockholder who complains alone of the internal management of its affairs. Sidway v. Land Co., 101 Fed. 481; 19 Cyc. 1236; 13 Am. & Eng. Ency. Law, 849; Wilkins v. Thorne, 60 Md. 236; Importing Co. v. Locke, 50 Ala. 332; Dodge v. Mfg. Co., 69 Ga. 665; Andrews v. Moon, 162 Mass. 294; Day v. Car Springs Co., 2 Duer. 608; Leary v. Columbia River Co., 82 Fed. 775; Mining Co. v. Brown, 58 Fed. 644; Hutchinson v. Car Co., 104 Fed. 182; North State Co. v. Field, 64 Md. 154; Dreyfus v. Seal, 37 N. Y. App. Div. 351; State ex rel. v. Denton, 229 Mo. 187; Madden v. Electric Co., 181 Pa. St. 617, 38 L. R. A. 638.   (2) Where the object of the action is to prevent or redress a wrong to the corporation, the corporation itself is an indispensable party either as plaintiff or defendant.   10 Cyc. 995.

*George C. Mackay* and *W. G. Carpenter* for respondents.

(1) Prohibition will not lie if the petition states sufficient facts to justify any equitable relief, though different from that asked in the prayer for relief.   A

court's jurisdiction is not determined by the prayer for relief. State ex rel. v. Dearing, 180 Mo. 63; Pattison, Mo. Code Pleading (2 Ed.), sec. 333; 31 Cyc. 110. (2) Prohibition should not deprive the court of its well-known equitable jurisdiction to compel directors unfaithful to their trust to account for corporate assets taken by them from a foreign corporation. Such an action does not regulate the "internal affairs" of the foreign corporation. Sloan v. Clarkson, 105 Md. 171; Wineburgh v. U. S. Co., 173 Mass. 60; Richardson v. Clinton Co., 181 Mass. 580; Babcock v. Farwell, 245 Ill. 14; Edwards v. Schillinger, 245 Ill. 23; Voorhees v. Mason, 245 Ill. 256; Harding v. Glucose Co., 182 Ill. 551; Dunbar v. Telephone Co., 224 Ill. 9; Watkins v. Company, 107 La. 107; Guilford v. Company, 59 Minn. 52; Miller v. Quinsey, 179 N. Y. 294; Grant v. Cobre Co., 193 N. Y. 306; Wilson v. Car Co., 64 N. J. Eq. 534; (3) Such right in favor of a foreign corporation may be established by minority stockholders as plaintiffs when the directors controlling the corporation are themselves the wrong-doers complained of. Hingston v. Montgomery, 121 Mo. App. 451; Slattery v. Trans. Co., 91 Mo. 217; Hannerty v. Theater Co., 109 Mo. 297; Hawes v. Oakland, 104 U. S. 450; 10 Cyc. 965; Vogeler v. Punch, 205 Mo. 576. (4) Jurisdiction once acquired will be retained to give complete relief. The action, being one *in personam,* must be brought where defendant directors reside; and they may be compelled to deed back foreign real estate misappropriated by them. Courts of equity have the right to operate on persons within their jurisdiction, even though the acts involved relate to lands outside of their jurisdiction. State ex rel. v. Muench, 225 Mo. 210; State ex rel. v. Dearing, 180 Mo. 53; State ex rel. v. Zachritz, 166 Mo. 309, 313; Olney v. Eaton, 66 Mo. 563; Castleman v. Castleman, 184 Mo. 438; McCune v. Goodwillie, 204 Mo. 336; Hewitt v. Price, 204 Mo. 31; State ex rel. v. Grimm, 243 Mo. 676; State ex rel. v. Homer, 164 Mo.

App. 334. (5) In stockholders' suits to establish a right of the corporation against directors for fraud, equity has power to appoint a local receiver of property of a foreign corporation within the State; this power is incidental to the particular litigation and is exercised to preserve assets belonging to the corporation within the forum from unlawful disposition or injury pending suit. 34 Cyc. 99; 19 Cyc. 1239, note 69.

FARIS, J.—This is an original proceeding in prohibition, which was filed here on the 19th day of August, 1913, and our preliminary rule to show cause issued on that day. Relators are six out of sixteen defendants, in a certain alleged action in equity for an accounting, for the appointing of a receiver for such of said defendants as are corporations, and for other purposes and uses hereinafter more specifically set out. This action in equity is now pending in the circuit court of the city of St. Louis, in Division 6 thereof, which division is presided over by respondent, Judge Eugene McQuillin. Definitely as to when this equity suit was filed, does not appear, except by inference that it was on, or subsequent to, August 5, 1913, and prior to August 12, 1913. It does appear that it was made returnable to the October term, 1913, of said court. Relators in their petition filed here for their writ, set out their own descriptions and their several relations to this action and to the said equity suit, thus:

"Come the relators herein, Bert F. Fenn, the Continental Commercial Company, a corporation organized under the laws of the State of Maine; August J. Waldschmidt, Adolph P. Erker, The American-Mexican Sugar Company and Walter C. Guels, and give the court to understand and be informed that Eugene McQuillin is one of the judges of the circuit court of the city of St. Louis, Missouri, duly elected, qualified and acting, and presiding in Division No. 6 of said court; that J. Hugo Grimm is one of the judges of the

circuit court of the city of St. Louis, Missouri, duly elected, qualified and acting and presiding in Division No. 1 of said court, but sitting in Division No. 6 of said court during the absence of Eugene McQuillin; that said Eugene McQuillin and J. Hugo Grimm, sitting in said Division No. 6 of said circuit court of the city of St. Louis, Missouri, have taken cognizance of and entertain jurisdiction of a certain cause wherein Henry W. Meyer, Alexander H. Schott, Charles Bilhartz, E. H. Keisker, Jr., D. F. Dirkes, Joseph Lintzenick, B. A. Oehler, J. H. August Meyer, A. H. Heitkamp, P. C. Compton, H. L. Mintague and Charles Happel are plaintiffs and the relators herein, the Continental Commercial Company, A. J. Waldschmidt, Adolph P. Erker, Charles H. McKee, Bert F. Fenn, Charles F. Haanel, William A. Brandenburger, Walter C. Guels, J. E. Carnahan, Louis Essig, John Doe, trustee, American-Mexican Sugar Company, a corporation; the Jumiapa Plantation Company, a corporation; Continental Sugar Refining Company, a corporation; Oaxaca Coffee Culture Company, a corporation, and the Monte Rosa Company, a corporation, are defendants, said cause being Serial No. 496, October Term, 1913.

"That said plaintiffs in said last-named cause in the circuit court of the city of St. Louis, Missouri, filed their petition in said cause, setting forth that they are stockholders of the Continental Commercial Company, of the defendants named therein, and that relators herein, Waldschmidt, Erker, McKee, Fenn, Haanel, Brandenburger, Guels and Carnahan, are officers of said Continental Commercial Company and have controlled the affairs of said Continental Commercial Company."

Since we have set out in the subjoined opinion, the whole of the remainder of relators' petition, either in the exact words thereof, or in its substance and legal effect, and since all of the facts are to be found in our

views as written in the subjoined opinion, we deem it unnecessary to duplicate these facts here.

I. The case has been argued and submitted and is now up for judgment upon two pleadings only. We are compelled to consider first the nature of these pleadings and the issues presented by them, before we reach the question of what the law is upon the case thus made. The only pleading of whatever sort filed by relators is the petition lodged here upon which we issued our preliminary rule on respondents to show cause why the peremptory writ of prohibition should not be awarded herein. The respondents upon the return day filed on their part a single pleading only, which first demurred to the whole petition, then denied the whole petition, and then answered the whole petition, by revamping and reiterating (as we note by comparison), the charges contained in the petition filed in the court *nisi*, action upon which latter by the lower court is here sought to be restrained.

While such practice is not to be commended, when we have regard to the several ways of getting at issue upon the law in this sort of case, there is yet authority for holding that we may, *ex gratia*, seek out any issues made and proceed to determine them upon legal rules and along legal lines. [State ex rel. Conners v. Shelton, 238 Mo. 281.] But the legal rules admonish us that since both a demurrer and an answer, each to the whole of a petition, will not lie at one and the same time, *a fortiori*, they will not both lie when contained in the same paper and each directed toward the whole of the same petition. [State ex rel. v Bright, 224 Mo. 514.] In the above case on a very similar point it was said:

"A return is in the nature of an answer and a demurrer and answer can't both stand at the same time, where they both cover the entire case. The rule is well stated in 6 Ency. Pl. & Prac., p. 382, thus: 'A party

may demur to one part of a declaration, petition, cr complaint, and plead or answer to another, but he cannot demur and plead or answer at the same time to the same part of the pleading. There cannot be an issue of law and of fact to the same pleading or part of a pleading at the same time. Thus there cannot be a general demurrer and a plea or answer to the whole declaration or complaint at the same time, nor to the same count, or paragraph, except where the matters therein stated are divisible in their nature, and a part of the count or paragraph is good and a part bad; where this is the case, defendant may plead to the former and demur to the latter.' ''

Since respondents urge upon us in their brief the alleged lack of sufficiency of averment in relators' petition, we assume that they are not abandoning this point. But on the contrary put it to the fore in their brief and continue to urge it on us here. In fact, if this point is not still in the case, there is nothing whatever left in it, and we must in such event, dismiss it out of hand.

If it were not for the apparent *laissez faire* attitude of counsel on both sides of this case as to the pleadings, we should dismiss it, as the better practice authorizes us to do when there is nothing before us except the petition and the return (Cariaga v. Dryden, 30 Cal. 307), especially when the latter is, in the main, but a general denial. Since, however, the dereliction is about equally distributed, we will follow the broad path of examination induced as an act of grace, which is blazed for us in the case of State ex rel. v. Shelton, supra, and consider the case here as a petition for a writ to which respondents demur, for that ''the petition and writ do not state facts sufficient to constitute a cause of action against the respondents, or facts sufficient to entitle relators to the relief prayed for, or any relief.''

II.   It is so fundamental as not to require reiteration or citation of holdings that a demurrer admits all facts in a pleading, which are well pleaded. With this primary and primer premise conceded, we note upon looking to the petition: That the relators herein are six out of sixteen defendants in the suit below, and that respondents here (except Judge McQuillin and Judge Grimm) are the plaintiffs in the suit below, further action in which is here sought to be restrained; that the petition in said action below avers that respondents herein, except the said circuit judges, are stockholders of the Continental Commercial Company, which latter concern is a defendant in the action below, and that relators Waldschmidt, Erker, McKee, Fenn and Guels, and Haanel, Brandenburger and Carnahan (the three last mentioned are not relators herein) are officers of the said Continental Commercial Company, and are in control of its offices and affairs.   That the petition in the court below has appended thereto the following prayer for relief:

"First.   That a decree of injunction issue against defendants McKee, Waldschmidt, Erker, Fenn, Essig and the American-Mexican Sugar Company, restraining them from any interference with the property and assets of the Continental Commercial Company.

"Second.   That defendants and the American-Mexican Sugar Company be compelled to reconvey to the Continental Commercial Company certain real estate described in said petition as being located in the Republic of Mexico.

"Third.   That a bond issue secured by a mortgage on said real estate located in Mexico be declared void.

"Fourth.   That if said bond issue shall be declared valid, then that the defendants account to plaintiffs for such bonds as may have come into their possession.

"Fifth. That an accounting be had between the Continental Commercial Company and the defendants.

"Sixth. That pending the final hearing a receiver be appointed for the Continental Commercial Company, the Jumiapa Plantation Company, the Oaxaca Coffee Culture Company, Continental Sugar Refining Company and the Monte Rosa Company.

"Seventh. That all defendants be ordered to show cause why a receiver should not be appointed for said companies.

"Eighth. For such other and further relief as to the court should seem meet and just."

The petition of relators herein further avers that the circuit court, through the respondent Judge Mc-Quillin, therein sitting, upon the filing of said petition, issued an order to all defendants therein named to show cause on the 12th day of August, 1913, why a receiver should not be appointed as prayed for; that thereafter relators herein (defendants therein) appeared and filed their demurrer averring a defect of parties, in that it appeared in and by said petition that there were over a thousand stockholders interested in the accounting sought who were not made parties; that there was no equity in the bill, and that the circuit court had no jurisdiction of the subject-matter of the action; that said cause was argued before the circuit court (inferably upon the demurrer, but the pleader does not so state), and that on August 18, 1913, the court refused to pass upon the demurrer of relators, but made an order upon all defendants *to show cause on August 20, 1913,* why a receiver should not be appointed. Elsewhere it appears that pending this order, and pending the service of notice thereof upon the defendants therein (part of whom are, as we say above, relators herein), and *on the 19th day of August,* 1913, relators came to this court and sued out the preliminary rule in prohibition now here before us.

Relators continue further, and aver that the American-Mexican Sugar Company is not a Missouri corporation (but do not aver its *locus habitationis*), that it does no business in Missouri and has and maintains no office, or agent in this State. Relators also aver that the said Continental Commercial Company was a corporation under the laws of the State of Maine, but that it was dissolved as a corporation by a decree rendered in the Supreme Judicial Court of Kennebec County, Maine, on March 31, 1913, and that it does no business in Missouri and has no office or agent in this State. Beyond a profert of a certified exemplification of the record and proceedings in the action below, here sought to be enjoined, and a formal allegation, or deduction from the facts alleged, of an excess of jurisdiction and a prayer for relief, this is all there is to be found in the petition for the writ.

We may concede as a basis for the views herein that the office of the writ of prohibition is to prevent inferior courts from usurping judicial authority (Sec. 2622, R. S. 1909; Kalbfell v. Wood, 193 Mo. 675), which includes both the assuming of jurisdiction in cases where they have none, and exceeding their jurisdiction in cases wherein they have cognizance. [State ex rel. v. Fort, 210 Mo. 512.] In the case last cited, State ex rel. v. Fort, supra, the general rule which defines when jurisdiction in prohibition will attach and under what limitations of judicial discretion it will be assumed and exercised, is thus stated:

"It cannot be doubted that (subject to a judicial discretion to be exercised in issuing all discretionary writs) the writ of prohibition may go to confine a court within the limits of its jurisdiction whether such court has no jurisdiction at all or is exercising powers in excess of its rightful jurisdiction. So much is elementary. The writ may go whenever judicial functions are assumed, not rightfully belonging to the person or court assuming them. Generally speaking, it is avail-

able to keep a court within the limits of its power in any particular matter as well as to prevent the excess of jurisdiction in a cause not given to it by law. [State ex rel. v. Foster, Judge, 187 Mo. 590; State ex rel. v. Elkin et al., County Judges, 130 Mo. 90; State ex rel. v. Eby, Judge, 170 Mo. 497; State ex rel. v. Bradley, Judge, 193 Mo. 33; State ex rel. v. Fort, Judge, 178 Mo. 518.]''

Three of the grounds set out in the petition as a reason why the writ of prohibition should go were: (a) That there are over one thousand stockholders of the relator Continental Commercial Company of whom only some twelve (the respondents here, except Judge· Grimm and Judge McQuillin), are made parties in the action below (which action we pause here and name for brevity, the "equity suit"); that (b) the bill in the equity suit exhibited no equity, and (c) that the court had no jurisdiction of the subject-matter of the litigation.

Each and every of these matters are defects for which by statute (Sec. 1800, R. S. 1909) a demurrer will lie. The fact that a demurrer will lie to a petition· in a case where the court has jurisdiction of the general class of cases to which the particular case attacked belongs, is no ground for the issuance of a writ of prohibition. [State ex rel. Fenn v. Riley, 127 Mo. App. 469; State ex rel. v. Stobie, 194 Mo. 14.] We are not saying that if it properly appeared that the circuit court had overruled a demurrer urging lack of jurisdiction in a case where the lack of jurisdiction was apparent, relief would be refused by way of the writ of prohibition. For the overruling of a demurrer and the continuing to exercise jurisdiction in such case would bring the court squarely within the purview of the conditions wherein prohibition always lies. [Kalbfell v. Wood, supra; State ex rel. v. Denton, 229 Mo. 187.] But here the court has not ruled on the demurrer, and had not so ruled when the preliminary

rule herein was sued out. It is true that the petition avers that "the court refused to pass upon said demurrer and ordered all defendants to show cause on August 20, 1913, why a receiver should not be appointed." In passing, it may be said that the record does not show any order made by the court in any wise referring to the demurrer. If the learned circuit judge had ruled adversely on the demurrer before this case was begun here, and if in a proper case where the petition below was before us, we had from an examination of it found no jurisdiction in the court *nisi* to hear and determine the cause set out therein, and had found that no amendment could be made by which jurisdiction could be conferred; then we would not hesitate to make the preliminary writ herein permanent. [State ex rel. v. Denton, 229 Mo. 187.] But Judge McQuillin had not ruled at all; taking his action or inaction, in the exact way it is pleaded, he had simply refused to pass upon the demurrer in any way. He neither sustained it nor overruled it at the time. Before prohibition will lie on the ground of lack of jurisdiction, the court below must have so ruled as to make manifest a claim of jurisdiction. [State ex rel. v. Judges, 37 La. Ann. 845; Chester v. Colby, 52 Cal. 516.] For aught which appears to the contrary from the record, when we look at it in the light of the law, Judge McQuillin (if this proceeding had not intervened to prevent) would or might have passed upon the demurrer at the October term, 1913, *to which term the equity suit was brought and made returnable.* We judicially notice the several dates upon which the return terms of the circuit court of the city of St. Louis begin (Sec. 4150, R. S. 1909), but we cannot notice when a given term ends, except when the rear end of one term runs into the front end of the succeeding term. From the fact that Judge Grimm was sitting for Judge McQuillin for a time in the history of this case, we in-

256 Mo. 45

fer that Judge McQuillin's division was in vacation. [Sec. 4157, R. S. 1909.] In fact the order to show cause affirmatively shows that all of these things transpired in vacation. As stated, the equity suit was returnable on the first Monday in October, 1913. The demurrer was filed at an indefinite date prior to August 18, and subsequent to August 12, 1913, in an action neither returnable nor triable for some six weeks thereafter. Our statutes which provide the time for pleading, which includes demurrers (Secs. 1799, 4162, R. S. 1909), and the time at which a demurrer shall be determined, do not, when construed together, make it obligatory upon a court or judge either to hear and pass upon a demurrer in vacation, or to hear or pass upon it till the return term of the cause in which and to which it is filed shall have come around. [Sec. 1805, R. S. 1909.]

We need not take up time to cite additional authorities that ordinarily the mere fact that a demurrer which ought to be sustained, is on the contrary over-ruled by a trial court, gives us no jurisdiction to over-rule the trial court by the writ of prohibition. If this were the case the writ of prohibition would serve both in civil and criminal cases in lieu of an application for a continuance, and practically all criminal cases and many civil ones would be halted indefinitely till this court could say whether or not the indictment contains a proper and legal charge, or whether the petition in a civil case is good. We note above the exception to the ordinary rule.

III. Nor are relators in any better case upon the point that the court was threatening to appoint a receiver. This order to show cause on August 20, 1913, why a receiver should not be appointed, was made on August 18, 1913; notice of said order was in the meantime sought to be given to relators (or to some of them), but on August 19, 1913, *the day between these*

*dates,* before the day of showing cause came around and before the court was ever advised as to whether the notice to show cause was served upon relators or any of them, the writ herein was sued out. Manifestly, we cannot forecast what action would have been taken by the learned court *nisi.* We must presume that he knew the law and that he would follow it. He was not given the chance here to demonstrate the one fact or to perform the other. He had the authority in a proper case to appoint a receiver in vacation (Sec. 2018, R. S. 1909), and in cases of crying need to so appoint without notice (Tuttle v. Blow, 176 Mo. l. c. 171) ; certainly, he can so appoint for such a period as will suffice for the appearance of the adverse party and the making of a showing of cause against the continuation of such receivership. [State ex rel. v. Wear, 135 Mo. 230.] If then, under the facts in the instant case, Judge McQuillin had appointed a receiver on the 18th day of August, 1913, we would have, pending the date fixed for a hearing, touching his action in that behalf no ground to interfere. When this action was begun here, the sheriff had made no *non est* returns showing lack of service either of the summons in the equity case or of the notices to show cause. No returns upon process were before Judge McQuillin, therefore, when he did the things complained of herein. If the sheriff had made any such *non est* returns up to the time of commencing the instant action, such returns would not have been lawful because premature. [Williams v. Sands, 251 Mo. 147.]

IV. We might, if under the law it were our duty so to do, go into the petition filed below in the equity case and ascertain and here adjudge whether it states any or sufficient facts to justify the lower court in granting any of the seven different varieties of relief prayed for, or any relief of any kind grantable by a court of equity, under the eighth or general prayer

of the petition. But under the condition of the pleadings before us, the petition in the equity case is not a part of the petition filed here for our preliminary rule in prohibition, when the latter petition is attacked by a demurrer as in the concrete case before us. The general rule is that an exhibit attached to a petition is not so far a part of the petition itself as to save the petition from being bad on demurrer, even though if the petition were aided, or eked out by the contents of the exhibit, it would be thus rendered good on demurrer, instead of bad (Pomeroy v. Fullerton, 113 Mo. 440; Hanks v. Hanks, 218 Mo. 670; Hubbard v. Slavens, 218 Mo. 598; Keator v. Helfenstein Park Realty Co., 231 Mo. 676); and this is true, even though the petition states that the exhibit is made a part of the petition. [Pullis v. Somerville, 218 Mo. 624; Robinson v. Levy, 217 Mo. 498; Kern v. Ins. Co., 40 Mo. l. c. 25; State to use v. Samuels, 28 Mo. App. l. c. 653; Hanks v. Hanks, supra.] Our statute governing the practice and procedure in prohibition, passed in 1895, provides that "the proceedings . . . shall otherwise conform as nearly as practicable, to the code of civil practice, except as otherwise specially provided in this article." [Sec. 2624, R. S. 1909.]

It may well be, and it is our opinion, that under the broad power conferred upon us by section 2630, Revised Statutes 1909, of directing "the form of such further details of procedure as may be necessary to the orderly course of the case," we have the power left in us to say, in consonance with the general rules of law and without doing violence thereto, that an exhibit merely affixed physically to the petition and referred to in the petition as filed therewith, may be considered as a part of the petition upon demurrer, or for any other purpose. But we cannot conceive of the existence of any necessity for so complicating the practice. Why should not the general well-settled rule as to the status of such exhibits apply? It is surely

easier to remember one rule than it is to remember two rules. Nor is the case of State ex rel. v. Guthrie, 245 Mo. l. c. 151, in conflict with this view. There the exhibits were neither filed with, nor copied into, nor made a part of the petition. While the learned jurist who wrote the opinion said *arguendo*: "If relators were relying upon such matters as constitutive of their cause of action they should have been made a part of their petition or have been attached thereto as exhibits;" yet in the setting the last clause was merely *obiter* in a sense, because dealing with a theory and not a condition.

Unless such an exhibit to a petition for prohibition becomes a part of the petition in the same manner as an exhibit is made an integral part of a pleading in an ordinary suit, we will not regard it as a part thereof here for the purpose of aider against demurrer. There is no reason why, when we have regard to the fact that the number of original writs we issue and consider is increasing by leaps and bounds, we should step aside from the well-known beaten paths of practice to make, in a prohibition case, an unnecessary exception to the general rule, which exception so far from expediting business will but impede, delay and hinder. If we spend weeks trying to pick out the issues from a commingled mass of void and formless matter which has gathered volume as it rolled up to us, we are thereby delaying others, who by diligence have earned a speedy hearing.

Holding these views, we are of the opinion that the demurrer of respondents to the petition of the relators should be sustained; which results in the conclusion that our preliminary rule in prohibition, having been improvidently granted, should be discharged and the peremptory writ denied. It is so ordered. All concur.