STATE OF MISSOURI EX REL. E. W. HALL ET AL., RELATORS. v. W. L. P. BURNEY, JUDGE, ET AL., RESPONDENTS.—84 S. W. (2d) 659.

Kansas City Court of Appeals.   May 13, 1935.

*Fred F. Wesner* for relators.

*Mark W. Wilson* and *Elmer B. Silvers* for respondents.

REYNOLDS, C.—This is an original proceeding in prohibition, instituted in this court November 5, 1934, by the relators by their duly verified petition filed, by which it is sought to prohibit the respondent the Honorable W. L. P. Burney as judge of the circuit court of the twenty-ninth judicial circuit within and for Henry county

from, among other things, proceeding under certain orders made by him as said judge with respect to the dismissal of a grand jury which had been regularly called and duly convened and organized for the October term, 1934, of the Circuit Court of Henry County and with respect to the calling, convening, and organizing of a special grand jury thereafter at said term of said court and from permitting such latter grand jury called to function as such and from entertaining the prosecution in said court of an alleged indictment assumed to have been returned by such grand jury to said court against certain defendants (other than relators herein), named therein, for the alleged commission of a misdemeanor in violation of the laws of the State of Missouri therein set out. It is further sought by such proceeding to prohibit the respondents Edwin Merritt et al., as joint co-respondents with the respondent the Honorable W. L. P. Burney, from assuming to act and function as a grand jury under the said order of respondent Burney, through which they were purported to have been selected, convened, qualified, sworn, and organized as such, and from assuming to function as such under such order.

Upon the filing of relators' petition, a provisional writ was issued to the respondents restraining and prohibiting them from further cognizance of matters complained of in relators' petition and from further proceedings in the premises under the order of the court complained of and requiring them to appear on November 9, 1934, and show cause, if any, why they should not be absolutely prohibited and forbidden to hold cognizance of and prosecute the matters complained of by relators in their petition.

In response to said writ, respondents filed a motion to dismiss as follows:

"Motion To Dismiss.

"Respondents move the court to dismiss this proceeding for the reason that it seeks to prohibit respondents from proceeding in any wise whatever in matters pertaining to investigation and prosecution of felonies. That the matters involved are as set forth in respondents' response to the order to show cause herein, reference to which is hereby made."

This motion, without having been disposed of, was accompanied or followed by a pleading labeled in the record, "Response of respondents on order to show cause why writ should not issue," in which pleading or response the respondents set out and assigned in detail certain alleged reasons why the writ should not issue.

On November 13, 1934, relators filed their reply to respondents' so-called response. On December 4, 1934, respondents filed a formal return to the provisional writ, to which return so filed relators re-filed their reply to the pleading designated as "Response of re-

spondents on order to show cause why writ should not issue,'' together with a general denial as a reply to the formal return.

The essential facts stated in relators' petition are, in a general way, as follows: The relators are citizens and taxpayers of Henry county; and, as such, they are interested in this cause; and, as such, they institute the same at the relation of the State in their own behalf and in behalf of all other like-situated citizens and taxpayers of said county. The respondent, the Honorable W. L. P. Burney is judge of the circuit court of the twenty-ninth judicial circuit in and for Henry county. The remaining respondents (naming them), acting generally with the respondent the Honorable W. L. P. Burney and under his orders and directions are assuming to act in the character of a grand jury at and for the September term, 1934, of the Circuit Court of Henry County and are assuming to exercise the authority of a grand jury and discharge the functions of such a jury as contemplated by the laws of Missouri and, in so doing, are acting irregularly and oppressively, without authority of law, in excess of and without jurisdiction so to do, and through color of authority only. On August 6, 1934, the respondent the Honorable W. L. P. Burney as judge made a call for the selection and convening and organization of the regular grand jury for the September term, 1934, of said court; and, in pursuance of said order, twelve persons were duly selected and summoned as grand jurors for such term of court (naming them), who appeared, qualified, convened, and organized as such grand jury for said term of court, and began the discharge of their duties as such. While such persons were thus in the discharge of their duties, functioning as a grand jury and having not yet completed such duties, the respondent Burney as judge made and entered an order discharging them as a grand jury and thereupon made and entered an order for the selection, convening, and impaneling of a second or special grand jury for the said term.

The order discharging the original grand jury was made without cause and upon a motion of the prosecuting attorney. Such order so discharging the original grand jury, together with the motion of the prosecuting attorney for said order, is set out in full in the petition. Likewise, the order for the selection, convening, and impaneling of the second or special grand jury is set out in full in the petition.

Further facts gathered from the petition are as follows: Upon the making of the order by the respondent Burney for the special jury, the respondents herein (other than the respondent Burney) appeared at said term and qualified as special grand jurors in said circuit court for the term without any legal summons having been issued or regularly served upon them by the sheriff of Henry county

and without any return of service of summons having been made by such sheriff and without their selection having been made by such sheriff; and, after having been selected by the respondent Burney, such respondents have assumed to organize and function as a grand jury under the purported order made by respondent Burney as judge and under a further purported order naming, qualifying, and constituting them as such grand jury and, so assuming to act as a grand jury under the direction of respondent Burney, have assumed to return a purported indictment to the Circuit Court of Henry County against certain persons named as defendants therein (being persons other than relators) purporting to charge such persons with a misdemeanor in violation of the laws of the State; and, assuming to act with them in such matter, respondent Burney as judge of said court has permitted the filing of said purported indictment of record in said court and has caused process to issue thereunder and the defendants named therein to be arrested and to appear in court to answer such indictment and, unless prohibited from so doing, will cause a jury to be summoned and impaneled and witnesses to be subpoenaed and said persons put upon their trial, all to the great expense of the taxpayers of Henry county.

The prayer of the petition is for the issuance of our writ prohibiting the respondent Burney and all other respondents from proceeding in the matters complained of or doing any other act complained of in the premises.

The petition sufficiently challenges all of the acts complained of upon the part of the respondent Burney as judge as unlawful and wrongful and as done without and in excess of his jurisdiction therefor as judge and as being null and void; and it sufficiently challenges the acts of the remaining respondents in assuming to convene, organize, and function as a grand jury and to return the indictment mentioned, whether done separately or jointly with and under the direction of respondent Burney or otherwise, as unauthorized by law, wrongful, unlawful, and oppressive and as in excess of and without any jurisdiction in them or the court and the judge thereof.

The ultimate relief sought by relators in their petition is to secure the permanent writ of this court prohibiting the prosecution and trial of the defendants named in the alleged indictment complained of, for the misdemeanor with which they are charged under said indictment, upon the alleged ground that the prosecution thereof by reason of the alleged, void proceedings leading thereto involves an unlawful and wasteful expenditure of the funds of the taxpayers of Henry county and of relators' funds as such taxpayers, by which they will suffer irreparable injury.

The formal return of respondents first, in substance, challenges

relators' petition as failing to state facts sufficient to state a cause of action and as showing upon its face that the relators have no right to maintain this action.

It makes denial that respondent grand jurors were selected by respondent Burney or by the Circuit Court of Henry County, Missouri, in the manner charged in relators' petition or by any other agency or officer thereof except the sheriff of Henry county, in the manner provided by law and by the order of the court calling for the summoning of the grand jury.

It affirmatively alleges, in substance, that respondent grand jurors were regularly selected and summoned by the sheriff; that said sheriff made return of his summons during the September term, 1934, of the court; and that the jurors so summoned, being the respondent grand jurors herein, appeared and were impaneled and sworn as a grand jury for said term.

It further alleges that, prior to the filing of relators' petition in this court, the respondent grand jurors had returned eleven indictments into court, ten of the same being against various defendants for the commission of felonies and one being against various defendants for the commission of a misdemeanor, the latter being the same referred to in relators' petition; that, at the time the provisional order of this court was issued, there were pending before the defendant grand jurors as a grand jury certain other charges involving the commission of felonies by various persons, which were under investigation by them as such grand jury at such time. It alleges that, by this proceeding, respondents are temporarily prohibited and, if a permanent writ should issue, respondents will be permanently prohibited from further proceedings in connection with the investigation of felonies and with the indictments therefor and that, by reason of such, the court is without jurisdiction to entertain this action by virtue of section 12, Article 6 of the Constitution of Missouri and section 5 of the amendment to said article adopted in 1884, whereby exclusive appellate and supervisory jurisdiction in all cases of felony is vested in the Supreme Court of Missouri.

It alleges further that the legality of the proceedings upon the part of the circuit court and of respondent Burney as judge thereof with respect to the discharge of the first grand jury impaneled for the term and the summoning of the respondent grand jurors and their organization as a later grand jury for the term and with respect to the activities of the respondent grand jurors resulting in the return of the indictment complained of had not been challenged in the circuit court by any one of the defendants named in any of said indictments or by any other person or persons by motion to quash said indictments or any one or more of the same or in any other manner.

It alleges that the relators have no interest whatever in the matters sought to be prohibited and, as taxpayers, cannot be injured thereby.

It challenges the right of relators as such taxpayers or otherwise to maintain this action.

It prays for the dismissal of the petition and for the discharge of the preliminary writ.

It fails to make any denial of the allegations of relators' petition other than in the particulars noted but confesses all of such allegations not denied by it and seeks to justify the acts complained of therein as within the jurisdiction of respondents.

The reply of relators to the allegations of the return as an answer, in addition to tendering the general issue, challenges the sufficiency of the return in that it does not follow the prescribed statutory rules of procedure but undertakes both to demur to the petition and to answer it in the same pleading and at the same time.

It is unnecessary to set out the so-called ''Response of respondents on order to show cause why writ should not issue,'' filed by respondents herein on November 9, 1934, for the reasons hereinafter disclosed in this opinion.

## OPINION.

■ It is contended by the relators that the respondents, by their motion to dismiss, have waived all questions of jurisdiction and that such motion is, in fact, a demurrer and strikes directly at the question of the jurisdiction of this court of the subject-matter.

In some respects, such motion may be considered as a mere motion to dismiss and in others as a demurrer. In challenging the jurisdiction of this court, it may be regarded as a motion. In challenging the sufficiency of the petition, it may be regarded as a demurrer. [State ex rel. McEntee v. Bright, 224 Mo. 514, 523, 123 S. W. 1057.]

However, it appears that subsequent to the filing of such motion, the respondents filed their return, by which they both answered and demurred to the petition. Under such circumstances, it may be held that, in so doing, they withdrew, or at least waived, such motion, whether it be considered as a demurrer only or as a motion in the nature of a demurrer or as both. That they were not thereafter foreclosed from again raising such questions as were raised by said motion so far as they might relate to the question of the jurisdiction of the court of the subject-matter or to the failure of the petition to state a cause of action is not material here. We hold only that, so far as the motion in question is concerned, they waived the consideration of the same by filing their return. We are therefore at liberty to proceed with the case upon the issues made by the last pleading filed. [State ex rel. McEntee v. Bright, supra.]

From an examination of the return, it appears that it both demurs

to and answers the petition in its entirety. As said by Judge GRAVES in State ex rel. McEntee v. Bright, supra, "A return is in the nature of an answer and a demurrer and an answer can't both stand at the same time, where they both cover the entire case. The rule is well stated in 6 Ency. Pl. & Prac., p. 382, thus; 'A party may demur to one part of a declaration, petition, or complaint, and plead or answer to another, but he cannot demur and plead or answer at the same time to the same part of the pleading. There cannot be an issue of law and of fact to the same pleading or part of a pleading at the same time. Thus there cannot be a general demurrer and a plea or answer to the whole declaration or complaint at the same time, nor to the same count, or paragraph, except where the matters therein stated are divisible in their nature, and a part of the count or paragraph is good and a part bad; where this is the case, defendant may plead to the former and demur to the latter.'"

It follows that if both a demurrer and an answer, each to the whole of a petition, will not lie at the same time they will not both lie when contained in the same paper where each is directed to the whole of the petition. [State ex rel. Fenn v. McQuillin, 256 Mo. 693, 165 S. W. 713.]

The return is therefore wholly bad. It might be rejected outright as bad pleading. However, there is authority holding that we may, *ex gratia*, seek out any issues made and determine them upon legal rules and along legal lines. [State ex rel. Fenn v. McQuillin, supra.] If we should reject the return in its entirety, we would then be thrown back to the petition for the facts stated therein, upon which to determine whether the issuance of our permanent writ would be justified or not in the same way that we would upon a consideration of the demurrer sought by respondents to be interposed in their return.

■ We will therefore consider the return as a demurrer to relators' petition upon the ground alleged therein that the relators' petition "does not state facts sufficient to constitute a cause of action" and upon the further ground alleged therein that relators' petition "shows on its face that the relators have no right to maintain this action."

In so doing, we are required to take as true all of the allegations of relators' petition well pleaded which appear therein. Such petition appears substantially set out in full in the statement herein. The curious may seek it out.

An examination of the allegations of relators' petition reveals that thereby the jurisdiction of the Circuit Court of Henry County and of the respondent Burney as judge thereof in discharging the regularly constituted grand jury for that court for the September term, 1934, thereof, prior to final adjournment of the court for that term, and in thereafter, during such term, calling and impaneling a special

grand jury, comprised of respondent grand jurors, for said term, and in making the orders therefor is attacked and denied. Such orders complained of in the petition are fully set out therein, together with the actions thereunder of respondents, complained of.

The question for our determination upon the facts stated in the petition is therefore one respecting the jurisdiction and power of the respondents in the premises.●

■ It is contended by relators that respondents have no jurisdiction or power to make the orders and do the matters and things complained of. It is contended by respondents, upon the other hand, that they have such jurisdiction and power and that, by reason thereof, their acts are fully justified.

If such orders and acts are within the jurisdiction of the court and of respondent Burney as the judge thereof, the relators' petition must fail, regardless of any lack of good faith or of the erroneous exercise of judgment upon the part of such respondent, if any, in making such orders and in discharging the original grand jury under the first and impaneling the special grand jury under the latter. The respondents are subject to control by our writ of prohibition only in the event that the orders and acts in such regard are wholly without or in excess of the jurisdiction of the court and of the jurisdiction of respondent Burney as judge thereof.

We are not concerned here with the question of whether the order of the court discharging the grand jury was made on sufficient cause or whether the court had reasonable grounds for making such order and discharging such grand jury or whether the order for the special grand jury and for impaneling the same was justified by the necessity deemed by the court to exist therefor.

A review of the facts upon which the court acted, with the view of determining the reasonableness or the unreasonableness of its acts, is beyond the jurisdiction of this court in this proceeding. Where prohibition is involved, the question is one of jurisdiction and power only and not one of propriety.

■ Coming more closely to a consideration of the particular questions involved, it is to be observed that a grand jury is a body of men selected and summoned according to law to serve before a competent court and by such court impaneled, sworn, and charged to inquire in regard to crimes committed within its jurisdiction and to present all offenders against the law in the mode and manner defined by it. [28 C. J., p. 763, par. 1.] It is a constituent part or branch of the court and is under its general supervision and control. [28 C. J., p. 763, par. 3.]

In the case of State ex rel. Lashly v. Wurdeman (Mo.), 187 S. W. 257, l. c. 259, the Supreme Court of this State, speaking through

Judge Bond, said concerning grand juries: "That body is a component part of the court, existed at common law, and is recognized in the Constitution, where some of its duties are specified. Its creation and duties are provided for by statutes. . . . It is a necessary adjunct, of all courts charged with the enforcement of the criminal law."

The grand jury is a part of the court. Its session is a session of the court; and witnesses, when subpoenaed•before it, ,are amenable to punishment by the court for contempt if they refuse to appear or, on appearing, refuse to testify. [Underhill's Criminal Evidence (3 Ed.), par. 74.]

It acts in connection with the court; and, while upon being impaneled it,is an independent body or arm of the court in its investigations and work in the sense that it is free from restraint or coercion from any source, it is nevertheless subject to the supervisory jurisdiction of the court of which it is a part and of the judge thereof, for ,its orderly procedure and proper functioning within the limits of its authority as prescribed by the law. When impaneled, its life is for the term of the court for which it is called; and its existence ends with the final adjournment of the court for such term, unless it be sooner ,discharged by competent authority. It may be discharged at an earlier date than the final adjournment of the court, but in no event can it discharge itself.

It has been held that, although always proceeding *ex parte*, its functions are of,a judicial nature. [28 C. J., p. 763, par. a under note 8; Parsons v. Age-Herald Publishing Co., 181 Ala. 439; In re Gardiner, 64 N. Y. S. 760.] It is therefore a body which may be reached by prohibition along with the court of which it is a part.

The several statutes of Missouri recognize that grand juries may be discharged and recognize, too, that another grand jury may be called in case necessity therefor appears to the court after one has been discharged.

It is provided by section 8759, Revised Statutes 1929, as follows: "If any person be,summoned as a grand juror who is not qualified as required by law, he may be challenged and discharged, upon such challenge being verified according to law or by his own oath; and in such case, and also in case of nonattendance of any grand juror after he shall have been qualified, or in case any grand juror is excused by the court from further service for any cause, the court shall cause another grand juror to be summoned and sworn."

Section 8753, Revised Statutes 1929, is as follows: "Hereafter a grand jury shall consist of twelve men, any nine of whom concurring may find an indictment or true bill; *Provided, however*, that no grand jury shall be convened except,upon an order of a judge of a court having the power to try and determine felonies, but when so

assembled such grand jury shall have the power to investigate and return indictments for all grades of crimes, and hereafter, whenever the judge of any court having power to try and determine felonies shall deem it necessary to cause a grand jury to be convened, he shall make an order . . . which order shall specify the time and place said grand jury shall be convened, and shall further specify whether said grand jury shall be drawn and selected by the county court or selected by the sheriff . . . *and be it further provided,* that said court shall convene a grand jury at least once each year—''

Section 8760, Revised Statutes 1929, is as follows: ''Courts having civil and criminal jurisdiction shall have power, whenever the grand or petit jury shall have been discharged, and it shall become necessary to have another jury, to order and require the sheriff or other proper officer at the same term or session of said court, or at any adjourned or special term of such court, to summons . . . a new panel of petit. or grand jurors . . .''

The statutes thus quoted recognize that a grand jury may be discharged prior to the expiration of the term of court for which it was called rather than left to die with the term. No authority other than the court having been provided by the statute for the discharge of the grand jury, the authority therefor must necessarily abide in the court or the judge thereof as the directing head of its activities.

Not only so, but that such authority exists in the court is clearly recognized by section 8759, supra, wherein it is provided that, in any case where a grand juror has been excused by the court from further service for any cause, the court shall cause another grand juror to be summoned and sworn. If the court may so excuse one grand juror, it may excuse all of them; and, if it excuse all of them, it may call twelve more, if deemed necessary.

The contention of the relators that, by the provisions of section 3531, Revised Statutes 1929, the power of the Circuit Court of Henry County and of respondent Burney as judge thereof was limited on the calling of the second grand jury to a necessity therefor arising out of the commission of an offense by some one during the sitting of that term of court, after the discharge of the original grand jury, or out of the discovery, after such discharge of the grand jury, of the commission of some offense by some one, is not, in our opinion, well taken. When such section is read in connection with section 8753 and considered in connection therewith, it is apparent that the power of the court to call a special grand jury is not limited to the exigencies provided for in said section but extends also to any situation from which the court or judge thereof might deem it necessary that one be called.

It thus appears, from the examination of the law, that the whole matter of calling and dismissing grand juries and calling additional

jurors or juries, as occasion or necessity may require, is committed to the court having jurisdiction of felonies and to the judge thereof.

A grand jury, being a part of the machinery of the court, can be called and convened only by the judge of the court and can be discharged from service only by the judge of the court; and, when so discharged, additional jurors can be called only by order of the court or the judge thereof. The statute does not require that the court or the judge thereof ·in excusing a grand jury or grand jurors shall assign any especial reason or cause therefor. The cause therefor is left wholly to the discretion of the court or the judge. Likewise, in calling additional grand jurors or grand juries, no especial circumstances are required to conspire in order to constitute the necessity · therefor; but whether the necessity therefor exists is a matter left wholly to the discretion of the court or the judge.

■ It is unnecessary to consider the paper filed by respondents on November 9, 1934, entitled ''Response of respondents on order to show cause why writ should not issue.'' The issues in a proceeding for prohibition are made up by the petition and by demurrer thereto or by return made to the preliminary order and by relators' reply to the return when such return is so made. [Section 1613, Revised Statutes 1929.]

There is no provision made by the statute for the filing of such a paper or pleading as respondents' so-called ''Response of respondents on order to show cause why the writ should not issue,'' unless it should be considered as the return to the preliminary order. However, in this case, having later filed the formal return of which disposition has just been made, respondents, under the rules of pleading, waived its consideration as the return to the preliminary order. [State ex rel. McEntee v. Bright, supra.] However, it, in substance and effect, seeks to tender the same issues as those tendered by the formal return; and, if for consideration, it would be necessary to make the same disposition thereof as has been made of the formal return and with the same result as in the case of the formal return.

■ It follows from what has been said that the Circuit Court of Henry County and respondent Burney as judge thereof had jurisdiction to discharge the grand jury first impaneled for the September term, 1934, thereof and had the jurisdiction under the law thereafter at said term to call, convene, and impanel the later or special grand jury for the remainder of the term and that the respondents are not subject to prohibition in the premises, irrespective of the facts, if facts they be, that the respondent Burney may have erred in judgment, have lacked in good faith, have acted unwisely without due consideration and in an oppressive manner in the matters complained of as done by him. It is not for us to pass upon the question of the reasonableness or the unreasonableness of his cause for discharging

the original grand jury or upon the sufficiency of the necessity which presented itself to him for the call for the later jury. Such matters are beyond our jurisdiction in this proceeding. The provisional writ should be discharged and the permanent writ denied. In so doing, it is unnecessary to pass upon any other matters presented by the respondents in their return or urged by respective counsel in their briefs.

It is accordingly ordered that the provisional writ issued herein be discharged and the permanent writ prayed for denied. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The provisional writ is quashed and discharged, and the permanent writ is denied. All concur, except *Bland, J.,* who dissents in separate opinion.

### DISSENTING OPINION.

BLAND, J.—I am compelled to dissent, not because of anything said in the majority opinion but because I feel that this court has no jurisdiction to pass upon the merits of this prohibition proceeding.

While it is true that a relator in prohibition need not be a party to the suit in the lower court (State ex rel. v. Wurdeman, 304 Mo. 583), and that prohibition may be brought by any person injuriously affected by the action of the court which the relator seeks to prevent, it may not be instituted by a person or persons having no such interest. [State v. Superior Court, 111 Am. St. Rep. 915, 970, 971.] A taxpayer has no interest, in the sense that that word is used herein, in the things sought to be prohibited in this proceeding (State ex rel. v. Main (Wash.), 113 Pac. 632, and therefore, cannot confer jurisdiction upon this court by filing a petition for the writ. In the case last cited the court said, l. c. 633:

"The practice of considering applications for writs of prohibition, at the instance of a taxpayer only, to stay judicial proceedings, will no longer be tolerated in this court. The orderly proceedings in the administration of justice cannot be frustrated or suspended in such manner. If the relator may have a hearing as a taxpayer for alleged error in the drawing of a grand jury, it is obvious that he can with equal propriety apply for a writ to stay the hand of the court for every prejudicial error committed in the trial of a criminal case. There is no difference between this case and one where error is alleged in the drawing or empaneling of a petit jury for the trial of criminal cases. Nor does it differ in principle from a case where error is alleged in overruling a demurrer to an information charging the commission of a felony. It is obvious that, if the right of a taxpayer to apply for a writ of prohibition against a judicial act is once conceded,

the principle could be definitely extended, and the practice would become intolerable.

"Applications of this kind are not to be confounded with those where a taxpayer seeks to enjoin the commission of some illegal act of a municipal corporation or its officers. Such cases rest upon entirely different principles."

This case should be stricken from the docket.