The Honorable Mark A. Youngdahl Representative, District 9 State Capitol Building, Room 410A Jefferson City, Missouri 65101
Dear Representative Youngdahl:
This opinion is in response to your question asking:
 May the Circuit Clerk, Prosecuting Attorney and Circuit Judge of a county having a population of less than 75,000 keep secret the identity of the members of a grand jury [convened] in accordance with Sec. 540.020, RSMo 1986 and therefore, refuse to release the names of such jurors to the media and public?
You provided the following statement of facts as being relevant to your opinion request:
 On December 19, 1989, the Circuit Judge of Livingston County convened a grand jury. That grand jury returned indictments on December 27, 1989. A representative of the St. Joseph News-Press/Gazette requested the identity of the grand jurors from the Livingston County Prosecuting Attorney on Thursday, December 29, 1989, and from the Circuit Clerk on January 9, 1990; and from the Circuit Judge on January 5, 1990. The prosecuting attorney and the circuit clerk both refused to provide the names; the circuit judge said he would give it consideration if a letter was submitted to him by the newspaper requesting the information.
We understand the circuit judge, following consideration of a letter submitted to him by the newspaper, also refused to disclose the names.
The institution of the grand jury dates back many centuries. Conway v. Quinn, 168 S.W.2d 445, 446 (St. L. Ct. App. 1942). In Missouri, a grand jury is convened in accordance with the provisions of Chapter 540, RSMo. This chapter was amended extensively by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bills Nos. 127, 72, 161, 171, 275 120, 85th General Assembly, First Regular Session (1989).
Section 540.021, RSMo Supp. 1989, provides in subsections 4 and 5 that the grand jury is under the control of the circuit court and may be convened by the presiding judge of the circuit court:
 540.021. — Selection of grand jurors, summons and jury qualification form — notification of persons not qualified to serve — alternate grand jurors — length of service — compensation. —
* * *
 4. Those persons summoned for grand jury service shall be placed under the control and supervision of the presiding judge of the circuit court, or a judge designated by the presiding judge, who shall select twelve persons to serve as grand jurors. Alternate grand jurors as determined by the judge shall also be selected, to serve as a grand juror upon the death, disqualification, or inability of one of the persons selected as a regular grand juror. The names of those persons selected as grand jurors and alternate grand jurors shall be deleted from the grand jury list.
 5. The presiding judge of the circuit court, or a judge designated by the presiding judge, shall have the authority to convene, recess, and adjourn a grand jury as, in his discretion, he deems necessary, and at times and places as he specifies. No grand jury shall be required to serve for longer than a six-month period, except such term may be extended for a period not to exceed sixty days, solely for the purpose of considering and completing matters already before the grand jury. No new matters shall be presented to the grand jury during its extended service. Nothing contained in this section prevents the convening of another grand jury during such extended service.
* * *
Every grand juror is required to swear an oath to keep secret his own counsel and the counsel of the state and the other jurors. Section 540.080, RSMo Supp. 1989. Grand jurors are prohibited from disclosing evidence given before the grand jury; the names of witnesses appearing before the grand jury; or the fact of any indictment prior to the defendant being arrested thereon. Section 540.320, RSMo Supp. 1989.
Testimony before a grand jury is recorded by an official reporter of the circuit court when so directed by the judge. However, the reporter is also required to swear an oath to keep secret the proceedings and testimony and the names of any witnesses. Section 540.105, RSMo Supp. 1989.
 "`The rule of secrecy concerning matters transpiring in the grand jury room, it has been said, is not designed for the protection of witnesses before the grand jury, but for that of the grand jurors, and in furtherance of the public justice.' 24 Am. Jur. 866, § 49."
Conway v. Quinn, supra, 168 S.W.2d at 447.
Chapter 540, RSMo, contains no specific references to whether the names of grand jurors may be disclosed. Two provisions of law pertain to the right of access to public records.
Chapter 610, RSMo, known as the "Sunshine Law," provides in Section 610.023, RSMo Supp. 1989, that "[e]ach public governmental body shall make available for inspection and copying by the public of that body's public records." However, a grand jury, convened by the court, is a part of the court,State ex rel. Hall v. Burney, 84 S.W.2d 659, 664 (K.C. Ct. App. 1935), and, therefore, is not a public governmental body as defined by Section 610.010, RSMo Supp. 1989. See Remington v.City of Boonville, 701 S.W.2d 804, 807 (Mo.App. 1985).
Section 109.180, RSMo 1986, provides:
 109.180. Public records open to inspection — refusal to permit inspection, penalty. — Except as otherwise provided by law, all state, county and municipal records kept pursuant to statute or ordinance shall at all reasonable times be open for a personal inspection by any citizen of Missouri, and those in charge of the records shall not refuse the privilege to any citizen. . . . [Emphasis added.]
There is no provision in Chapter 540, RSMo, requiring the keeping of a list of the members of a grand jury. In fact, once persons are selected as grand jurors, their names are to be deleted from the list of prospective grand jurors, Section540.021.4, RSMo Supp. 1989. Therefore, Section 109.180, RSMo 1986, does not apply to the names of grand jurors.
CONCLUSION
It is the opinion of this office that the circuit clerk, prosecuting attorney and circuit judge are not required to release to the media and public the names of members of a grand jury.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General