**James W. CHAMBERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 57825.

Missouri Court of Appeals, Western District.

July 25, 2000.

James Chambers, Mineral Point, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

James W. Chambers appeals from the trial court's order dismissing his petition for failing to state a claim upon which relief may be granted. He claims 1) the trial court erred in dismissing his claim because it did not have jurisdiction to do so because the assigned judge had been disqualified in his criminal case; 2) the trial court denied him due process when it treated his claim as a civil action rather than a criminal one, thereby requiring him to pay filing fees; and (3) the trial court failed, on its own motion, to order an investigation into alleged fraud committed against the court by the prosecution. Chambers' appeal is dismissed.

1.  Repealed October 1, 1984.

2.  This was Chambers' third conviction on the same charges. His first two convictions were reversed and resulted in retrial. *State v. Chambers*, 671 S.W.2d 781 (Mo. banc 1984) and *Chambers v. Armontrout*, 885 F.2d 1318 (8 th Cir.1989). For a complete history of Chambers' appeals, *see also State v. Cham-*

Only a brief presentation of the facts is necessary. Chambers was charged with first degree murder pursuant to § 565.001 RSMo 1978 [1] in the Circuit Court of Jefferson County, Missouri. His case was transferred to the Cole County Circuit Court on February 13, 1991 upon his request for change of venue, and was assigned to Judge Byron Kinder, Division II. On February 25, 1991, Chambers filed a Rule 32.07 motion for automatic change of judge; the motion was sustained and the case was transferred to Judge James McHenry, Division I. On October 23, 1991, Chambers was tried before a jury and was found guilty; on the recommendation of the jury, he was sentenced to death on January 7, 1992.[2]

On August 23, 1999, Chambers filed several pleadings captioned "James Wilson Chambers v. State of Missouri" with the Cole County circuit clerk's office. The pleadings were entitled "Notice," "Affidavit Under Seal," "Motion for Court Ordered Depositions" and "Discovery," "Petition for Order of Investigation and for Contempt Citation and Sanctions," and "Petition for Writ of Habeas Corpus Ad Testificandum." All the pleadings contained the cause number from Chambers' original criminal case, "CR–191–225." When the pleadings were received by the circuit clerk's office, they were not filed in the original criminal case but instead were opened as a new civil case and assigned cause number "CV199–1174CC."

On August 31, 1999, Judge Kinder dismissed Chambers' pleadings, stating: "Upon review of Petitioner's petitions, the court determines that same fail to state a claim upon which relief may be granted; and, in the alternative, that the chances of

*bers,* 714 S.W.2d 527 (Mo. banc 1986); *Chambers v. Armontrout*, 907 F.2d 825 (8 th Cir. 1990); *Armontrout v. Chambers*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990); *State v. Chambers*, 891 S.W.2d 93 (Mo. banc 1994); *Chambers v. Bowersox*, 157 F.3d 560 (8 th Cir. 1998); *and Chambers v. Bowersox*, 197 F.3d 308 (8 th Cir.1999).

petitioner's success on the merits is minimal." On September 14, 1999, Judge Kinder, acknowledging Chambers had previously been granted leave to proceed in forma pauperis and pursuant to the Prisoner litigation Reform Act ("PLRA"), § 506.360, et seq.,[3] requiring offenders to pay the full filing fee when bringing a civil action, ordered court costs of $87.00 withdrawn from Chambers' correctional center account. On September 25, 1999, Chambers filed a "Motion for Leave to Appeal as Poor Person." On October 23, 1993, Judge Kinder ordered Chambers to pay $2.18 as the initial partial filing fee for his appeal A judgment for costs in the Circuit Court of Cole County was separately entered on September 14, 1999. No separate appeal was taken from that judgment.

## STANDARD OF REVIEW

We note at the outset that Chambers does not claim in any point on appeal that the trial court erred because his "petition" did in fact state a cause of action. We do not, therefore, review the dismissal order on that basis. Moreover, the general rule is that a dismissal without prejudice for failure to state a claim upon which relief can be granted is not a final judgment and, therefore, is not appealable. *A.L. v. Peeler*, 969 S.W.2d 262 (Mo.App. 1998).[4]

We note also that Chambers failed to preserve the issues he now presents in his second point, that the trial court's application of the PLRA to his case was unconstitutional. To preserve appellate review, constitutional claims must be made at the first opportunity. *State v. Kenley*, 952 S.W.2d 250, 260 (Mo. banc 1997). "The purpose of the timeliness rule is to allow the trial court the opportunity to correct errors and avoid prejudice in the

first instance." *Id.* The trial court retains control over judgments for thirty days after the entry of the judgment and can vacate, reopen, correct, amend, or modify its judgment within that time for good cause, after giving the parties an opportunity to be heard. Rule 75.01. Chambers filed a Rule 75.01 "Motion to Vacate, Set Aside and Removal Forthwith" on September 8, 1999, within the time frame provided by Rule 75.01. His motion did not raise any constitutional objections or any objections to the court's application of the PLRA. Although there is some confusion in the record as to whether he filed a post-trial motion directed to the cost judgment entered on September 14, 1999, the motion he claims he filed raises no constitutional issue. A constitutional issue cannot be raised for the first time on appeal. *Schumann v. Missouri Highway & Transp. Comm'n*, 912 S.W.2d 548, 551, n. 5 (Mo. App.1995). Because Chambers failed to raise his constitutional objection at the earliest opportunity, he waived the issue and, therefore, we decline to review it.

Next, Chambers argues that the judge could, *sua sponte*, address the issues of fraud against the court; that there was nothing in his pleadings that should allow them to be treated as a civil action, or to invoke Rule 74.06, or to invoke the PLRA. He cites *Fults v. State*, 820 S.W.2d 525 (Mo.App.1991), which held that Rule 74.06 is inapplicable to criminal cases; and *Roath v. State*, 998 S.W.2d 590 (Mo.App. 1999), which held that Rule 74.06 is inapplicable to criminal cases on issues of fraud. He argues that the criminal court did not lose jurisdiction to address an issue of fraud on its own motion. In further support, he cites *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64

---

3. § 506.360, RSMo 1998. All other statutory references are to RSMo 1994, unless otherwise noted.

4. The dismissal here was not specified as being without prejudice. However, "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall

otherwise specify." Rule 67.03. Therefore, we will treat it as a dismissal without prejudice. This case does not fall within the exceptions to the general rule discussed in *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

S.Ct. 997, 88 L.Ed. 1250 (1944), which, in dicta, said it is a "wrong against the institutions set up to protect and safeguard the public," for his proposition that the court does not have to wait for the parties to request review. Chambers argues he never requested the case be treated as an independent civil action and the court had no authority to treat it as such. It is Chambers' position that because he placed the criminal case number on his pleadings, the court was required to file them in that case. He argues that he did not request a civil filing, and that he wanted review by the court of the allegations of fraud by the judge assigned to his criminal case, Judge McHenry.

■ Chambers misunderstands the caselaw and rules of procedure, however, because the circuit court [including Judge McHenry] lacked jurisdiction over the criminal case. "[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule." *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993).

■ Moreover, a criminal case can only be instituted by information or indictment. The filing of a criminal charge is addressed to the discretion of the prosecuting attorney, not the court. *State ex rel. Lodwick v. Cottey,* 497 S.W.2d 873, 880 (Mo.App.1973). We have found no authority under which a private citizen can *require* a prosecutor, let alone a court, to file criminal charges, however, a citizen may request a referral to the prosecutor. § 545.250. Although a court may refer a matter to a prosecutor for investigation or appoint a special prosecutor (§ 56.110), or even order a grand jury convened, (Mo. Const. art. 1, sec. 16; *State ex rel. Hall v. Burney,* 229 Mo.App. 759, 84 S.W.2d 659 (1935)), such actions are not criminal cases themselves; and they certainly not part of Chambers' original case. Although we do not disagree that a private citizen may

request a court to do any of these things, we have not found any authority by which a circuit court may be required to do so except in most unusual circumstances. If a cause of action exists, it would not be criminal in nature but rather civil, through direct action or extraordinary writ. Chambers chose a direct action. The order dismissing his petition without prejudice for failure to state a claim is not appealable.

James Chambers' appeal is therefore dismissed.

HAROLD L. LOWENSTEIN, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.