THOMAS G. COFFIN v. WILLIAM CRAIG.[1]

May 8, 1903.

Nos. 13,390—(62).

**Accounting—Owner and Agent.**

> An agent having the control and management of real property, and who during such agency collects the rents and pays for repairs on the premises out of the proceeds, may be compelled to render an accounting in an equitable action brought by the owner. Complaint examined, and *held* to state a cause of action for an accounting.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., overruling a general demurrer to the complaint. Affirmed.

*J. B. Richards*, for appellant.
*Wilson G. Crosby*, for respondent.

LEWIS, J.

The complaint in substance sets forth that for a number of years appellant had the management and control of certain real estate for its owners, and during such time collected all rentals of the premises, and expended certain sums upon repairs of build-

[1] Reported in 94 N. W. 680.

ings located thereon; that he has never accounted for the same to the owners, and has failed to turn over any moneys collected, to report any such collections, and to pay the taxes, but that he has kept and retained the money so obtained; that all of the rights, claims, and demands against appellant growing out of such transactions were assigned by the owners to respondent to bring suit to enforce such claims and demands, and to compel an accounting by appellant; that demand was made for a statement of all the moneys collected from August 1, 1896, to and including December 7, 1899, but that appellant has wholly failed to render any such statement and to turn over any money remaining in his hands on account of such collections; that the amount collected by appellant is unknown to respondent, and that he has no means of ascertaining and determining the same, except that it is known to him a large and constant revenue was derived from the premises during that period.

This complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled by the trial court. The complaint cannot be sustained on the theory that it states a cause of action at law. The pleader proceeds from beginning to end upon the hypothesis that it is an equitable action for the purpose of compelling an accounting, and he must stand or fall by the tests applicable to such a complaint. It is attacked by appellant upon the ground that it discloses no mutuality of account between the owners and the agent; that the relations of the parties are those of principal and agent; and that no condition of trust exists, either express or implied.

When liberally construed, the declarations of the complaint are sufficient to call upon appellant to render an accounting and disclose the nature of his connection with the property for the time it was under his care. It is alleged not only that he collected the rentals for a number of years, but that during such time he had control and management of the property and made certain repairs thereon, and that he has refused to disclose to the owners the amount of money collected, and to render an account of his stewardship. The relation assumed by appellant with respect to

the owners is more than that of a mere collection agent; it is in the nature of a trustee charged, not merely with the duty of receiving, but of expending, money for the benefit of his principals. When such relation exists for a considerable time, and the means of obtaining knowledge of the true condition is not at the command of the principal, courts of equity will assume jurisdiction to compel the trustee to give an account of his trust. We believe this view of the subject is that generally taken by the text-writers and leading authorities in this country. The subject is concisely reviewed by Mr. Bigelow in his work on Equity, chapter 17.

Order affirmed.