Benjamin F. MORRIS, Respondent,

v.

R. M. WILLIS, individually and as Local Secretary of Brotherhood of Sleeping Car Porters, and Brotherhood of Sleeping Car Porters, a Labor Union, and voluntary association, Appellants.

No. 47810.

Supreme Court of Missouri,

Division No. 2.

Sept. 12, 1960.

Motion for Rehearing or for Transfer to Court en Banc Denied Oct. 10, 1960.

Ennis, Browne & Martin, Allan R. Browne, Kansas City, for plaintiff-respondent.

Clif Langsdale, Kansas City, for defendants-appellants.

BOHLING, Commissioner.

Benjamin F. Morris sued R. M. Willis individually and as class representative of the Brotherhood of Sleeping Car Porters, and the Brotherhood of Sleeping Car Porters, a labor union and voluntary association, and recovered a judgment for $11,500 against "defendants and each of them." The defendants have appealed.

The Brotherhood of Sleeping Car Porters (hereinafter referred to as the Brotherhood) operates in the United States and Canada, and has divided its territory into districts for administrative purposes. The Chicago district has local headquarters in Kansas City, St. Paul, Omaha, Denver and Oklahoma City. Appellant Willis had been Secretary-Treasurer of the Brotherhood's Kansas City local since 1953 and in charge of its local headquarters at 1509 East Eighteenth Street, where all the business of the membership, including the payment of dues, was to be transacted. The Brotherhood had a "Union Shop Contract" with the Pullman Company under which the Pullman Company had to discharge a porter within thirty days after being notified that his membership in the Brotherhood had been terminated. The Brotherhood notified the Pullman Company that respondent's membership had been terminated as of November 5, 1956, and demanded his discharge solely because of his failure to pay his dues. This resulted in respondent's discharge as a porter by the Pullman Company, effective November 13, 1956. The evidence favorable to respondent established that he had paid his dues to appellant Willis, the Secretary-Treasurer designated by the Brotherhood to receive the payments, and that the Brotherhood's demand on the Pullman Company resulting in respondent's discharge was wrongful.

Respondent has filed a motion to affirm the judgment under Supreme Court Rule 1.15 (42 V.A.M.S.—new Rule 83.09, V.A.M.R.) as to all appellants on the ground the "Statement," "Points" and "Argument" in appellants' brief fail to meet the requirements of Rule 1.08 (new Rule 83.05), and if respondent's motion be not sustained as to all appellants, it should be sustained as to appellant Willis. Appellants, although granted additional time to do so, have not filed a reply brief and have not answered respondent's said motion to affirm. Appellants' brief is subject to just criticism; but at least one issue runs through the five page brief and is supported by authorities cited in the argument; namely: that the Brotherhood is not such an entity that can be sued and a valid judgment obtained against it in this action under its common or associate name in the courts of this state. The record before us discloses that this issue was presented to the trial court and preserved in appellants' motion for new trial. We are also of opinion the issue falls within Rule 3.27 (new Rule 79.04) authorizing the consideration of plain errors affecting substantial rights, although not raised or preserved or defectively raised or preserved for review, to prevent a manifest injustice or miscarriage of justice. Millar v. Berg, Mo., 316 S.W.2d 499 [1–3]; In re Duren, 355 Mo. 1222, 200 S.W.2d 343 [1, 2], 170 A.L.R. 391; Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73 [10]. It follows that respondent's motion to affirm may not be sustained, although other issues presented in said motion are open for consideration in

passing on the sufficiency of appellants' brief to raise issues as to trial errors.

Respondent alleged in his petition that "defendant Brotherhood of Sleeping Car Porters is a labor union and voluntary association composed of various persons employed as sleeping car porters for The Pullman Company; that defendant Willis, at all times herein mentioned, was and is the local secretary of said association, and is a class representative of said association; that there are numerous members of said union and that it is impractical to bring them all before this court; and that the said Willis is in charge of the local office of said union and is the only officer upon whom service can be had in the State of Missouri".

Appellant Willis' answer as an individual was a general denial. His answer as Secretary of the Brotherhood admitted that he is local Secretary of the Brotherhood, denied that he is a class representative of the Brotherhood, and denied the other allegations of the petition.

■■ Voluntary unincorporated associations exist under the common law right of contract and have no existence apart from the contract of association. The general rule is, in the absence of a statute, they cannot sue or be sued in their common or associate name for the reason such an association, absent a statute, has no legal entity distinct from its membership. Ruggles v. International Ass'n, etc., Iron Workers, 331 Mo. 20, 52 S.W.2d 860 [5–7], and cases cited; Forest City Mfg. Co. v. International L. G. W. Union, etc., 233 Mo.App. 935, 111 S.W.2d 934, 937, 941 [9–13]; Aalco Laundry & C. Co. v. Laundry L. & T. C. & H. Union, Mo.App., 115 S.W.2d 89; Quinn v. Buchanan, Mo., 298 S.W.2d 413 [8]; Graham v. Grand Division Order of Ry. Conductors, Mo.App., 107 S.W.2d 121 [1, 2]; White v. Quisenberry, D.C.W.D. Mo., 14 F.R.D. 348 [1–3]; Annotation, 149 A.L.R. 510. See 18 Mo.L.R. 93, 96. The Missouri law is summarized in the White case, citing authorities. It is there pointed out that the doctrine of virtual representation has been applied in this jurisdiction to voluntary associations, including labor unions, in actions at law and in equity and has found expression in § 507.070 [1] (Laws 1943, p. 362, § 19) which is implemented by Supreme Court Rule 3.07 (new Rules 52.08 and 52.09). The present case is not upon an insurance contract, or other contract, entered into by an unincorporated association in circumstances considered sufficient to bring it within certain statutory provisions relating to such contracts, as was the situation in Clark v. Grand Lodge, etc., 328 Mo. 1084, 43 S.W.2d 404 [11–14], 88 A.L.R. 150. See the comment on the Clark case in the Ruggles case, supra. We are not directed to any authority, statutory or case, recognizing a voluntary unincorporated association as a legal entity capable of suing or being sued in its common or associate name in the circumstances of record. Under the authorities cited the trial court should have sustained appellants' motion for a directed verdict on behalf of the Brotherhood of Sleeping Car Porters. See the Aalco Laundry & C. Co. and Graham cases, supra.

■ Supreme Court Rule 1.08 provides, so far as material: "(a) * * * The brief for appellant shall contain: * * * (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder"; and "(d) The points relied on shall * * * briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed." Appellants' "Points Relied On" "2. The court committed error in admitting testimony as to the number of members in the United States as 8,000 to 10,000"; and "5. The court committed error in submitting to the jury that the Union was acting through its

1. Statutory references are to RSMo 1949, V.A.M.S.

agents," do not state wherein and why appellants claim the action of the court was erroneous, cite no authority in support of the asserted error, and preserve nothing for appellate review. Clemons v. Becker, Mo., 283 S.W.2d 449 [4, 5]; Swope v. Emerson Electric Mfg. Co., Mo., 303 S.W. 2d 35 [8]; Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573 [3–7]; Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109, 111.

■ Appellants' other points state that the trial court erred in submitting the case "without requiring the plaintiff-respondent to prove that defendant-appellant Willis had been fairly chosen, and that he adequately and fairly represented the whole class"; and "when the plaintiff-respondent neither specifically named defendants who could be served with process within the territorial jurisdiction of the court or pleaded and proved that by the exercise of reasonable diligence he had been unable to discover any defendant who could be so served." No authority is cited and said points are not developed in appellants' argument. From all of which an appellate court may conclude that the alleged points are merely colorable and not substantial. A reading of the whole of Rule 3.07, implementing § 507.070, is to the effect that if one defendant in a class action adequately and fairly represents the entire class the action may proceed to judgment or decree. The evidence favorable to respondent established that all business of the Brotherhood's local at Kansas City was to be transacted at "our Headquarters at 1509 East 18th Street, Kansas City, Missouri," and that the payments of dues were to be made and were made by respondent to the secretary-treasurer of said local of the Brotherhood, said secretary-treasurer being R. M. Willis, who was in charge of said office of the Brotherhood. Milton P. Webster, First International Vice President, in charge of the District Headquarters at Chicago, under which the Kansas City division operates, and Chairman of the International Executive Board of the Brotherhood, which has charge of all Brotherhood activities, was present at the trial and testified: "I am here representing the Brotherhood of Sleeping Car Porters, all of them." The above and other evidence went in without objection. Consult Robinson v. Nick, 235 Mo.App. 461, 136 S.W.2d 374 [4, 5], cited with approval in State ex rel. Allai v. Thatch, 361 Mo. 190, 234 S.W.2d 1, 9; White v. Quisenberry, D.C.W.D.Mo., 14 F.R.D. 348, 351; Canuel v. Oskoian, D.C. R.I., 23 F.R.D. 307 [9–14], affirmed Oskoian v. Canuel, 1 Cir., 269 F.2d 311. Appellants, as stated, filed no reply brief and make no attempt to show why the trial court's ruling was error in the circumstances of this record. The presumption is that the trial court's action was correct, and appellants had the burden of affirmatively establishing alleged error upon appeal. James v. James, Mo., 248 S.W.2d 623 [8]; Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73 [14]; Davidson v. Hennegin, Mo., 304 S.W.2d 836 [5]. It is not the duty or function of appellate courts to brief points made in an appellant's brief. To do so imposes the conflicting duties of acting as counsel for the litigants, a duty not contemplated of appellate courts with respect to trial errors, in addition to the discharge of the judicial function required of appellate courts. It is not necessary to approve respondent's method of instituting and prosecuting a class action. We hold that appellants' brief does not establish the alleged error under this record on the part of the trial court.

The judgment is reversed with directions to dismiss the action with respect to the named Brotherhood of Sleeping Car Porters; and is affirmed as to R. M. Willis individually and R. M. Willis as Local Secretary and class representative of the Brotherhood of Sleeping Car Porters, a voluntary unincorporated association.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

LEEDY, P. J., EAGER and STORCKMAN, JJ., and HUNTER, Special Judge, concur.