STATE ex rel. MISSOURI STATE HIGH SCHOOL ACTIVITIES ASSOCIATION, et al., Relators,

v.

Hon. V. James RUDDY, Judge, Circuit Court, St. Louis County, Respondent.

No. 63966.

Supreme Court of Missouri, En Banc.

Jan. 11, 1983.

J. Robert Tull, Mallory V. Mayse, Columbia, for relators.

Leo V. Garvin, Jr., Jerry J. Murphy, St. Louis, for respondent.

SOLBERT M. WASSERSTROM, Special Judge.

Relator Missouri State High School Activities Association (hereinafter referred to as "MSHSAA" or "the Association") by and through the individuals who constitute its elected Board of Control and its Executive Secretary, filed an original application in this court to prohibit respondent from proceeding with an injunction case pending before him in the circuit court of St. Louis County. On May 6, 1982, this court issued its preliminary rule so prohibiting respondent. That preliminary rule is now made absolute.

MSHSAA is a voluntary association of high schools having for its purpose the reg-

ulation of extracurricular interscholastic competition. Its supervision extends to athletic competition, among other activities. A fuller description of this association and its activity is set forth in *State ex rel. Missouri St. H.S.A. Ass'n v. Schoenlaub,* 507 S.W.2d 354 (Mo.banc 1974).

Article VIII, Section 8 of the MSHSAA Constitution provides, "Students who transfer for reasons other than promotion are ineligible for 365 days...." Section 8 provides a number of exceptions to this rule, most importantly, transfers accompanied by corresponding change of residence of the student's parents and transfers ordered by the Board of Education or made necessary by school reorganization or closing. The constitution also provides for a special exception in the case of undue hardship or an emergency.

This "transfer rule" applies only to athletic eligibility. Its purpose is two-fold: (1) to prevent the recruiting of student-athletes; and (2) to prevent "school-hopping" (the transfer from one school to another for primarily athletic reasons).

Cole McNary is a 17 year old student who completed the tenth grade at John Burroughs School, a private school in St. Louis County, in the spring of 1981, and who transferred into the eleventh grade of Lindbergh High School for the school year beginning with September 1981. Cole McNary desired to participate in interscholastic baseball competition at the varsity level at Lindbergh High School, but would be barred from doing so by the Association's transfer rule.

Christina Ebert is a 15 year old student who had entered the ninth grade at Notre Dame Academy, a private parochial school in St. Louis County, in September 1981, and who transferred into the ninth grade of Lindbergh High School in October 1981. She desired to participate in interscholastic track and volleyball competition at Lindbergh High School, but would be precluded from doing so under the Association's transfer rule.

In order to enable these two students and others similarly situated to participate in interscholastic athletics, Cole McNary and Christina Ebert and their respective parents filed suit, as a class action on the plaintiffs' side, to enjoin enforcement of the MSHSAA transfer rule. The Association filed a motion to dismiss on the ground that it had not been sued as a class and the circuit court therefore lacked personal jurisdiction over it. That motion was overruled. Respondent proceeded to hold a hearing on March 17, 1982, and on March 26, 1982, he issued findings and conclusions and entered a temporary injunction. The order portion provided:

"IT IS HEREBY ORDERED that Defendant Missouri State High School Activities Association shall be temporarily enjoined from this date from further enforcement of its transfer rule until a final hearing can be held on the merits.

"IT IS FURTHER HEREBY ORDERED that this Order shall be in full force and effect as it pertains to and affects the individual Plaintiffs.

"IT IS FURTHER HEREBY ORDERED that enforcement of this Order as it pertains to other students and their parents and guardians of the alleged class is stayed until further Order of this Court."

The reason stated by respondent for issuing the temporary injunction was that the injunction plaintiffs had shown a probability that they would succeed on the merits with respect to the following propositions:

"(i) Defendant's transfer rule violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution because it is overinclusive.

. . . .

"(ii) The transfer rule violates the due process clause of the Fourteenth Amendment of the U.S. Constitution insofar as it arbitrarily infringes upon the fundamental rights of parents to rear and educate their children.

. . . .

"(iii) The rule is unconstitutional under Article IX, Section 1(a) of the Missouri Constitution of 1945." [1]

In the course of the Findings and Conclusions, respondent cited *The ABC League, et al. v. Missouri State High School Activities Association,* in which a United States District judge for the Eastern District of Missouri had ruled on December 23, 1981, that the MSHSAA transfer rule violated and was unconstitutional under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.[2]

The issuance of the injunctional order by respondent prompted the Association's application for a Writ of Prohibition now under consideration.

The brief on behalf of respondent challenges the jurisdiction of this court on the bases that: (1) the plaintiffs McNary have dismissed their petition in the circuit court; (2) the McNary and Ebert plaintiffs have abandoned the service upon MSHSAA in the circuit court; and (3) no transcript of the hearing before respondent has been filed in this court.[3] The first two of these objections was raised on behalf of respondent by motion to quash the preliminary writ, and this court overruled that motion on July 12, 1982. That ruling will not now be disturbed.

As to the lack of a transcript of the hearing in the circuit court, that transcript is unnecessary for disposition of the proceeding on the ground adopted below in this opinion. All facts necessary to this disposition appear on the face of respondent's Findings and are uncontested. The challenge to the jurisdiction of this court is therefore denied.

MSHSAA in support of a writ of prohibition asserts that respondent exceeded his jurisdiction on a number of different grounds, and the arguments by the parties cover a wide range of subjects. It is unnecessary however to discuss more than one point, which fully disposes of this proceeding.

MSHSAA, as respondent found, is an unincorporated voluntary association. As such it has no legal entity apart from its members and cannot be sued as a separate entity. *Morris v. Willis,* 338 S.W.2d 777 (Mo.1960); *Ruggles v. International Ass'n, etc. Iron Workers,* 331 Mo. 20, 52 S.W.2d 860 (1932). The proper way in which to sue and obtain service upon a voluntary unincorporated association is by means of a class action, in which some members are designated to represent all members of the association. Section 507.070 RSMo 1978; Rules 52.08 and 52.10; *Morris v. Willis, supra.* See also *Art Gaines Baseball Camp, Inc. v. Houston,* 500 S.W.2d 735 (Mo.App.1973) and cases there cited. The injunction plaintiffs here made no effort to follow that procedure.

MSHSAA raised this point at its first opportunity by a motion to dismiss, and it has preserved and argued this point at every stage of the litigation. Its point is well taken and should have been sustained. In the absence of a defendant having capacity to be sued, the circuit court totally lacked jurisdiction to proceed.

It is argued on behalf of respondent that the MSHSAA Official Handbook, which is part of the record here, shows that

---

1. Count III of the petition before respondent additionally presented the theory that the policy decision by relator constituted legislation and therefore an unlawful usurpation of the legislative power granted to the General Assembly under Missouri Constitution Article III, Section 1.

2. Subsequent to the issuance of the temporary injunction here, the injunctional order in *The ABC League, et al. v. Missouri State High School Activities Association* was reversed by the United States Eighth Circuit Court of Appeals on April 22, 1982. *In re United States ex rel. Missouri State High Sch., etc.,* 682 F.2d 147 (8 Cir.1982). The court on that appeal considered and rejected a number of different attacks based on various provisions of the federal constitution.

3. Counsel for MSHSAA did order the transcript in question from the court reporter, but the reporter declined to proceed with the transcript, stating by letter to relator's attorney that she had been instructed that to do so would violate the preliminary rule in prohibition.

MSHSAA owns property, enters into contracts and conducts sports exhibitions, by reason of which it should be estopped to deny its status as a legal entity. An unincorporated association may conduct business as an entity in such a way as to lead others to rely to their detriment upon such status, and under those circumstances the association should be and will be estopped to deny an entity status. *Clark v. Grand Lodge, etc.,* 328 Mo. 1084, 43 S.W.2d 404 (banc 1931); *Forest City Mfg. Co. v. International L.G.W. Union, etc.,* 233 Mo.App. 935, 111 S.W.2d 934 (1938). No charge of any such misleading action or reliance thereon appears in this case or is in any way indicated. The doctrine of estoppel has no application.

■ Argument is also made on behalf of respondent that the circuit court was not lacking in jurisdiction because the injunction plaintiffs could amend their petition and service so as to proceed against representatives of MSHSAA as a class action. *State ex rel. Reed v. Harris,* 348 Mo. 426, 153 S.W.2d 834 (banc 1941); *State ex rel. Cockrum v. Southern,* 229 Mo.App. 749, 83 S.W.2d 162 (1935); *State ex rel. McCubbin v. McMillian,* 349 S.W.2d 453 (Mo.App.1961) are cited to support that proposition.

None of the cited cases involve a failure to obtain jurisdiction over any proper defendant. Furthermore, this case differs in that respondent issued an injunctional order against a nonexistent entity in a proceeding in which there was no proper party defendant. That injunctional order would have gone into effect were it not for the rule in prohibition issued by this court. For the reasons stated, the cases cited on behalf of respondent have no application.

The preliminary rule in prohibition is made absolute.

RENDLEN, C.J., WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., and SEILER, Senior Judge, concur.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.