**CENTRAL COUNTY EMERGENCY 911, Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS LOCAL 2665, Respondent.**

**No. WD 52381.**

Missouri Court of Appeals, Western District.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied Feb. 25, 1997.

Robert W. Stewart, Geoffrey M. Gilbert, St. Louis, for appellant.

Jeffrey E. Hartnett, Bartley, Goffstein, Bollatto and Lange, L.L.C., St. Louis, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

ULRICH, Chief Judge.

Central County Emergency 911 (Central), a fire and emergency dispatching center, appeals the dismissal of its petition filed pursuant to section 105.525, RSMo 1994, seeking review of the State Board of Mediation's (Board) decision declaring the International Association of Fire Fighters (IAFF), an unincorporated association, the exclusive bargaining representative of Central's employees. The issue presented is whether the Public Sector Labor Law, sections 105.500–.530, RSMo 1994, grants jural status to IAFF, allowing it to be sued in its own name in an action seeking judicial review by an employer of the State Board of Mediation's decision recognizing IAFF as the exclusive representative of the employer. The judgment of the trial court is reversed, and the case is remanded for further action.

*APPLICABLE FACTS*

On November 26, 1994, the International Association of Fire Fighters, Local 2665 (IAFF), a labor organization, filed a petition with the Board seeking to become the exclusive bargaining representative of a bargaining unit consisting of Central's dispatchers and shift supervisors. A hearing was conducted before the Board on February 16, 1995, to determine the appropriate bargaining unit. At the hearing, Central argued that all shift supervisors should be excluded from the bargaining unit based on the nature of the shift supervisors' duties and responsibilities. On June 5, 1995, the Board issued its decision finding that the shift supervisors were not supervisory employees and, thus, were included in the bargaining unit along with the dispatchers.

On July 18, 1995, the election was conducted among Central's employees to select by the majority an appropriate unit as the employees' exclusive bargaining representative. IAFF was elected the exclusive bargaining representative of Central's employees. Central filed objections to the conduct of the election with the Board on July 28, 1995, arguing that it was improperly denied its right to challenge the ballots of shift supervisors. The Board dismissed Central's objections and issued a Certificate of Representation designating IAFF the exclusive bargaining representative of the bargaining unit.

Central filed a petition for review of the decision of the Board in the Circuit Court of Cole County on August 22, 1995. IAFF filed a motion to dismiss Central's petition arguing that its status as an unincorporated association precluded it from being sued in its own name pursuant to Rule 52.10. Central responded to IAFF's motion to dismiss and filed an alternative motion for leave to file an amended petition. A hearing on the motions was held, and the trial court sustained IAFF's motion to dismiss Central's petition. Three weeks later, Central's alternative motion to file an amended petition was denied. This appeal followed.

### DISCUSSION OF THE ISSUES

On appeal, Central asserts that the trial court erred in dismissing its petition pursuant to Rule 52.10 because the Public Sector Labor Law, sections 105.500–.530, RSMo 1994, affords a labor organization entity status, allowing it to sue and be sued in its own name in an action seeking judicial review of a decision of the State Board of Mediation.[1]

■ At common law, an unincorporated association possesses no status apart from its members and is not a legal entity. *State ex rel. Auto. Club Inter–Insurance Exch. v. Gaertner*, 636 S.W.2d 68, 70 (Mo. banc 1982).

Voluntary unincorporated associations exist under the common law right of contract and have no existence apart from the contract of association. The general rule is, in the absence of a statute, they cannot sue or be sued in their common or associate name for the reason such an association, absent a statute, has no legal entity distinct from its membership.

*Id.* (quoting *Morris v. Willis*, 338 S.W.2d 777, 779 (Mo.1960)). Absent a statute, an unincorporated association must be sued by means of a class action, in which some members are designated to represent all members of the association. Rule 52.10; *State ex rel. Missouri State High School Activities Ass'n. v. Ruddy*, 643 S.W.2d 596, 598 (Mo. banc 1983).

The Public Sector Labor Law authorizes employees of any public body, with certain exceptions, to form and join labor organizations for the purpose of collective bargaining. §§ 105.500–.530, RSMo 1994. Section 105.525, RSMo 1994, empowers the State Board of Mediation to resolve issues regarding the appropriateness of bargaining units and majority representative status. § 105.525, RSMo 1994. In its regulations,[2] the Board defines who may file a petition before it for certification:

(1) A petition for certification of public employee representative may be filed by any public employee, group of public employees, any individual or *employee organization claiming to be the majority representative of public employees in an appropriate unit.*

8 CSR 40–2.020(1) (emphasis added). In addition, a petition for clarification of a bargaining unit may be filed by "[t]he *majority representative* or the public employer." 8 CSR 40–2.050 (emphasis added).

■ Section 105.525, RSMo 1994, provides for judicial review of a decision of the Board:

In the event that the appropriate administrative body or any of the bargaining units shall be aggrieved by the decision of the state board of mediation, an appeal may be had to the circuit court of the county where the administrative body is located or in the circuit court of Cole County.

---

1. Two other issues are raised but are not addressed because the first issue is dispositive.

2. Section 295.070.1, RSMo 1994, authorizes the Board to promulgate regulations prescribing its methods of procedure.

§ 105.525, RSMo 1994. A labor organization representing a bargaining unit for the purpose of collective bargaining is a "majority representative" within the meaning of the Board's regulations specifying who may file a petition before the Board. As the majority representative of the bargaining unit, a labor organization is an appropriate party to appeal the Board's decision regarding the appropriateness of the bargaining unit or the majority representative status pursuant to section 105.525, RSMo 1994. The State Board of Mediation, through its regulations, and the legislature, through section 105.525, RSMo 1994, contemplated and afforded a labor organization entity status authorizing it to sue and be sued in its own name in actions seeking judicial review of a decision of the Board.

IAFF initially filed a petition with the Board in its own name seeking its certification as the exclusive bargaining representative of the bargaining unit that includes Central's shift supervisors and dispatchers. After the decision by the Board in favor of IAFF, Central filed a petition for review with the Circuit Court of Cole County. IAFF then claimed that it could not be sued in its own name as an unincorporated association pursuant to Rule 52.10, and the trial court agreed and dismissed the petition. Section 105.525, RSMo 1994, however, recognizes a labor organization as a jural person suable as an entity in an action seeking review of a decision of the Board.

### CONCLUSION

Rule 52.10, therefore, is not applicable in this action, and the trial court erred in dismissing Central's petition.

The judgment of the trial court dismissing Central's petition is reversed, and the cause is remanded for further proceedings.

Additionally, Central's motion to reconsider motion to strike pages 1–358 of its legal file is sustained. The order striking pages 1–358 is set aside and held for naught.

All concur.