STATE of Missouri, ex rel., George BLASE, et al., Relators,

v.

The Honorable Mark L. RICHARDSON and the Ripley County, Missouri, Circuit Court, Respondents.

No. 27579.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 7, 2008.

⚷183

Mallory V. Mayse, Columbia, MO, for Relators.

L. Joe Scott and Paul A. Kidwell, Poplar Bluff, MO, for Respondents.

JEFFREY W. BATES, Chief Judge.

George Blase (Blase) sought prohibition to prevent the Honorable Mark Richardson (Respondent) from proceeding any further with respect to a petition filed by the Naylor R–2 School District (Naylor) seeking injunctive and declaratory relief against the Missouri State High School Activities Association (MSHSAA). Blase contends Respondent lacked personal jurisdiction over MSHSAA because it was not properly sued. This Court agrees. Therefore, our preliminary order in prohibition is made absolute.

MSHSAA is an unincorporated voluntary association composed of 766 junior and senior high schools in Missouri. The association is governed by a Constitution and By–Laws, which are published in an annual handbook. Naylor was a member of MSHSAA in the 2005–06 school year. By joining the association, Naylor pledged to voluntarily adopt and uphold the standards and regulations contained in the MSHSAA Constitution and By–Laws. According to MSHSAA's Constitution, its ad-

ministrative body consists of an elected, ten-member Board of Directors (Board). Blase is not an elected Board member. He was hired by the Board to serve as MSHSAA's Assistant Executive Director.

One of MSHSAA's functions is to develop and adopt standards regulating the supervision and administration of interscholastic activities and contests involving member schools. MSHSAA's By–Laws establish eligibility requirements that a given student must meet before representing a member school in interscholastic activities. Insofar as relevant here, a student who transfers from one school to another is generally ineligible to participate in interscholastic activities for 365 days unless the student falls within an applicable exception. One such exception is the relocation of the student's parent(s) to the new school district. To take advantage of this exception, the student must complete a MSHSAA transfer of eligibility form. The student cannot compete until the principal of the new school has been provided with the transfer form and has verified the student's eligibility. MSHSAA's Constitution authorizes the Board to investigate reported rule violations by member schools and to be the final judge of whether a violation has, in fact, occurred.

In February 2006, MSHSAA received a written complaint alleging that Naylor had violated the By–Laws because four players on the girls' basketball team, all of whom had transferred to the school, were ineligible. Pursuant to the By–Laws, the Naylor principal should have received the aforementioned MSHSAA transfer form from each girl and verified her eligibility before allowing her to play on the basketball team. The complaint was assigned to a MSHSAA investigative committee.

On February 8, 2006, Naylor was asked to forward MSHSAA transfer forms docu-menting the girls' eligibility to play on its basketball team. Naylor refused to provide the transfer forms on the ground that the release of the forms was prohibited by federal educational privacy laws. On February 27, 2006, MSHSAA suggested that Naylor provide other documents to establish a change in parental residence, including: (1) notarized and recorded property transfers; (2) residential purchase or sale agreements; (3) a title insurance policy; (4) real estate closing documents; (5) telephone and utility bills for the new residence from the date of enrollment to present; (6) postmarked envelopes showing mail addressed to the new residence; (7) authenticated post office requests for forwarding of mail to the new residence; (8) real estate tax bills or personal property tax assessment forms showing the new address; (9) magazine and newspaper subscriptions; (10) change in voter registration; and/or (11) proof of property insurance.

On that same day, Naylor filed a Petition for Injunction and Declaratory Judgment in the Circuit Court of Ripley County, Missouri. The only named defendant in the suit was Blase, who was described in the caption as the "representative of the class of individuals known as the Missouri State High School Activities Association." The body of the petition, however, correctly alleged that Blase was MSHSAA's Assistant Executive Director. The petition was accompanied by an application for a temporary restraining order (TRO). The same day the petition was filed, Respondent granted a TRO restraining Blase, MSHSAA or anyone acting on their behalf from pursuing the investigation against Naylor or from imposing any sanction on the school or its students. The court also scheduled a hearing on Naylor's request for a preliminary injunction. Before that hearing occurred, Blase filed a petition in

prohibition in this Court.[1] *See* Rule 97.03.[2] Thereafter, we issued a preliminary order in prohibition.

In Blase's first point, he contends that Respondent exceeded his jurisdiction by proceeding on Naylor's petition and granting temporary injunctive relief. Blase alleges MSHSAA was not properly sued because: (1) no member schools which would fairly and adequately protect the interests of the class were joined as named defendants; and (2) Blase is not a proper class representative.[3] We agree.

As our Supreme Court held in *State ex rel. Missouri State High School Activities Ass'n v. Ruddy*, 643 S.W.2d 596 (Mo. banc 1983), MSHSAA "has no legal entity apart from its members and cannot be sued as a separate entity. The proper way in which to sue and obtain service upon a voluntary unincorporated association is by means of a class action, in which some members are designated to represent all members of the association." *Id.* at 598 (citations omitted). Failure to follow this procedure means there is no defendant having the capacity to be sued before the court and, consequently, totally deprives the circuit court of jurisdiction to proceed. *Id.*

The question of membership should be evaluated in accordance with the association's constitution and by-laws. *Executive Board of the Missouri Baptist Convention v. Carnahan*, 170 S.W.3d 437, 446 (Mo.App.2005). Article III, Section 1 of MSHSAA's Constitution provides that its members are Missouri secondary schools. In the underlying lawsuit, Naylor did not name any MSHSAA member school as a representative party defendant.

MSHSAA also can be sued by naming the elected members of its board of directors as representative party defendants. *See Art Gaines Baseball Camp, Inc. v. Houston*, 500 S.W.2d 735, 739–40 (Mo.App.1973) (holding that MSHSAA was properly sued by naming the elected members of the board as defendants because they are the chosen representatives of the members and the selection process is just and equitable); *cf.* Rule 52.10 (stating that an action brought against members of an unincorporated association as a class by naming certain members as representative parties may only be maintained if it appears that said representative parties will fairly and adequately protect the interests of the association and its members). In the underlying lawsuit, Naylor did not utilize this alternative procedure.

As Blase is neither a member of MSHSAA nor an elected member of its board of directors, he is not a proper class representative for MSHSAA in this litigation. *See Ruddy*, 643 S.W.2d at 598; *Art Gaines*, 500 S.W.2d at 739–40. Consequently, Respondent should have dismissed the case due to lack of jurisdiction because there was no defendant having the capacity to be sued before the circuit court. *See Ruddy*, 643 S.W.2d at 598. The preliminary order in prohibition is

---

1. Roger Dorson, Michael Gohn, Harvey Richards, Jeffrey Sumy, Travis Brown, Don Edwards, Randy Winston, Phyllis Chase, Paul Kinder, and Phil Lewis were named as relators in the caption of the petition in prohibition. The petition alleged that these persons were the duly elected members of MSHSAA's Board of Directors. In light of our decision to grant Blase's request for extraordinary relief, it is unnecessary for us to determine whether the other relators have standing to challenge the trial court's exercise of jurisdiction over MSHSAA since they were not parties to the underlying suit.

2. All references to rules are to Missouri Court Rules (2007).

3. Because our resolution of this point is dispositive, it is unnecessary to review Blase's other four points.

made absolute. Respondent is directed to take no further action except to dismiss the underlying lawsuit without prejudice.[4]

BARNEY and LYNCH, JJ., concur.

See also, 149 S.W.3d 897.

4. Prior to the preliminary injunction hearing, Blase was granted a change of judge. Because Respondent is no longer the trial judge handling the underlying case, this Court's final order in prohibition is directed to Respondent's successor, the Honorable John M. Beaton, who was assigned to hear the case.