**James W. CHAMBERS, Appellant,**

v.

**Michael BOWERSOX, Appellee.**

**No. 97–3067.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 4, 1999.

Filed: Nov. 5, 1999.

Before: RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

This case comes before us on the motion of appellant for a stay of execution of a sentence of death, now scheduled to be carried out at 12:01 a.m. on Wednesday, November 10, 1999. Appellant also moves for a recall of our mandate in *Chambers v. Bowersox,* 157 F.3d 560 (8th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 2383, 144 L.Ed.2d 785 (1999).

In *Chambers* we applied our rule, see *Tiedeman v. Benson,* 122 F.3d 518 (8th Cir.1997), that a certificate of appealability, specifying issues, is required in cases in which the notice of appeal is filed after April 24, 1996, even though the habeas petition itself was originally filed in a district court before that date. The correctness of this rule is called into question by an order of the Supreme Court in *Slack v. McDaniel,* No. 98–6322 (order entered Oct. 18, 1999). If the Supreme Court, when it decides *Slack,* determines that our conclusion in *Tiedeman* was wrong, then Chambers should have received plenary appellate review of all issues properly raised in his habeas petition, instead of what he did receive, that is, review limited to the issues specified in the certificate of appealability granted by the District Court. We do not believe that the State should be allowed to execute Chambers when there is thus an appreciable chance that he has not received the full review process to which he is entitled. The issues that he now wishes to present, issues other than those specified in the certificate of appealability, have never been fully briefed in this Court.

Accordingly, the motion for stay of execution is granted, and the appellee, Michael Bowersox, is ordered and directed not to carry out the sentence of death as to the appellant, James W. Chambers, until further order of this Court or of the Supreme Court. The motion for recall of mandate will be held in abeyance pending the Supreme Court's decision in *Slack.*

We will set an expedited briefing schedule on the remaining issues Chambers wishes to raise.

It is so ordered.

BEAM, Circuit Judge, dissents, and would deny the motion for stay of execution and the motion for recall of mandate.